### A95A1778. GREEN v. THE STATE.
(464 SE2d 21)

POPE, Presiding Judge.

A jury convicted defendant Calvin Blake Green of robbery. He appeals, and we affirm.

On November 22, 1993, a black man wearing green pants, a dark sweater and a black ski cap entered a convenience store in Valdosta, Georgia. After placing several items on the counter, he pulled the ski cap down over his head and said to the clerk: "This is a jack; give me the money or I'll kill you." The man then took approximately $40 from the cash register and left the store, at which point the clerk summoned police.

At the time of the robbery, Gail Gilliard drove past the store. She saw a suspicious looking man wearing dark clothes and a black cap. The man drove out of the store's parking lot in a blue Dodge Shadow. Although Gilliard could not identify the man, she was able to copy down the car's tag number. She returned to the store and gave this information to the police.

In less than 30 minutes, Officer Stan Cook located the car in front of its registered address. He then saw defendant, dressed in green pants and a bluish-green sweater, leave the address and enter the car. Cook approached defendant and told him that the car was reported as having been used in a robbery. Cook also asked defendant if he would be willing to go to the store to see if the clerk could identify him. Defendant stated that he was willing. Shortly thereafter, two detectives arrived. When Cook went over to talk to them, defendant

said, "Let's go. That lady can't identify me." At the time, however, Cook had not told defendant that the store clerk was female. The detectives looked in the car and saw a black ski cap sitting on top of some money in the front passenger seat. They instructed Cook to place defendant under arrest.

After advising defendant of his rights, Cook took defendant to the store for a showup and then to the police station. Upon removing defendant from the police car, Cook found a note wedged behind the police car's back seat, which read: "Put all the money in bag." Defendant admitted that the note was his. At trial, the store clerk positively identified defendant as the robber and explained that she did not identify him at the showup because she was upset and scared. The clerk also identified the pants and black cap recovered from defendant as being similar to those the robber wore. Additionally, a detective testified that $40 was recovered from the car. Although defendant did not own the car, he admitted he had free use of it on the date in question.

1. Contrary to defendant's assertion, the evidence in this case was sufficient for a rational juror to have concluded beyond a reasonable doubt that defendant was guilty of robbing the store. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Consequently, we find no error in the trial court's denial of defendant's motion for a directed verdict of acquittal based on the general grounds.

2. Defendant contends that the trial court erred in denying his first motion for a mistrial, which was based on his challenge to the State's use of peremptory strikes to remove two prospective black jurors from the jury pool. See *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). "The preliminary issue of whether [defendant] established a prima facie case of discrimination is moot because the prosecutor offered purportedly race-neutral explanations for the peremptory challenges and the trial court ruled [in favor of the prosecution] on the ultimate question of intentional discrimination. [Cit.] We therefore need only address the sufficiency of the prosecutor's explanations. . . ." *Chunn v. State*, 210 Ga. App. 209, 210 (2) (435 SE2d 728) (1993).

The prosecutor explained that a black woman was struck because she previously had been prosecuted for felony welfare fraud. "The prosecutor's concern that such a juror might be biased against the State in the instant case is legitimate and his explanation as to the exercise of this peremptory challenge is racially neutral." Id. The prosecutor's explanation for striking a black man from the jury pool also was legitimate and racially neutral. As the prosecutor stated, it was believed the man was a defense witness in another case, and the man appeared to be the same age as defendant. Consideration of age and the possibility of affinity between a potential juror and a defend-

ant is a race-neutral reason for exercising a peremptory strike. See *Hall v. State*, 261 Ga. 778, 780 (2) (415 SE2d 158) (1991); *Higginbotham v. State*, 207 Ga. App. 424, 425-426 (3) (428 SE2d 592) (1993); *Rogers v. State*, 205 Ga. App. 739, 743 (4) (423 SE2d 435) (1992). This is especially true in cases like this where the prosecution used its only other two strikes against potential white jurors who also appeared to be the same age as defendant. Consequently, because we agree with the trial court's finding that the prosecutor's explanations were credible and sufficiently neutral, we hold that the denial of defendant's first motion for a mistrial based on *Batson* was not erroneous.

3. Defendant's contention that the trial court erred in denying his second motion for a mistrial, which was based on the State's alleged failure to disclose purportedly exculpatory photographic identification evidence, is without merit. The record demonstrates that police recovered film from a surveillance camera located in the store. It is undisputed that photos developed from this film did not memorialize the robbery and, at the latest, were made available to the defense at trial. Defendant, "relying on *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), contends that these photos should have been made available to him prior to trial. However, *Brady* is not violated when the *Brady* material is available to the defendant during trial, since *Brady* does not require a pre-trial disclosure of the materials. Even if the photos were discoverable before trial, the prosecutor will not have violated his constitutional duty of disclosure unless such omitted evidence creates a reasonable doubt as to the defendant's guilt which did not otherwise exist. The omitted evidence here does not meet this standard of materiality. Accordingly, the trial judge did not err in denying [defendant's second motion for a mistrial]." (Citations and punctuation omitted.) *Glenn v. State*, 255 Ga. 533, 534-535 (2) (340 SE2d 609) (1986).

4. Defendant's contention that he was entitled to a mistrial because the State improperly placed his character into evidence also is meritless. The record shows that on cross-examination the prosecution asked defendant's alibi witness, Jewell Brown, whether she and defendant were girlfriend and boyfriend. Brown responded that they had lived together at one time. Defendant argues that such testimony created the inference that he was an adulterer. We disagree. There is simply no evidence in the record that defendant nor Brown was married to another person at the time they lived together. Thus, as the trial court noted, there is no evidence of adultery.

5. Finally, we find no error in the trial court's failure to specifically charge the jury on alibi and identification. It is undisputed that defendant did not request a charge on these matters. In *Rivers v. State*, 250 Ga. 288, 300 (8) (298 SE2d 10) (1982), the Supreme Court

held that when a trial court does charge the jury, as it did here, completely and correctly on defendant's presumption of innocence, on the State's burden of proof and on credibility of witnesses, and the State produces evidence sufficient to prove defendant's guilt beyond a reasonable doubt, a specific charge on alibi is not mandated absent a request. The reason behind this ruling is that given the trial court's instructions as a whole, a jury could not convict a defendant if they did not believe beyond a reasonable doubt that the defendant was present and actually committed the crime. Id. In this case, the reasoning behind *Rivers* applies equally to the trial court's failure to instruct the jury on identification.

*Judgment affirmed. Beasley, C. J., concurs. Ruffin, J., concurs in judgment only.*

DECIDED NOVEMBER 6, 1995.

*Edwards & Edwards, H. B. Edwards III*, for appellant.

*H. Lamar Cole, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.