A97A2495. GRIFFETH v. THE STATE.
(496 SE2d 309)

BEASLEY, Judge.

In *Griffeth v. State*, 224 Ga. App. 462, 463 (2) (480 SE2d 889) (1997), we affirmed defendant's conviction but remanded the case to the trial court because it erred in determining that Griffeth failed to

establish a prima facie case of discrimination on the basis of race in jury selection under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

"To evaluate claims that the state or defendant used peremptory challenges in a racially discriminatory manner, the trial court must engage in a three-step process. The opponent of a peremptory challenge must make a prima facie showing of racial discrimination; the burden of production shifts to the proponent of the strike to give a race-neutral reason for the strike; the trial court then decides whether the opponent of the strike has proven discriminatory intent." (Footnotes omitted.) *Chandler v. State*, 266 Ga. 509, 510 (2) (467 SE2d 562) (1996).

On remand, the court ruled that the State articulated sufficiently race-neutral reasons for its exercise of the peremptory strikes in question so that Griffeth failed to prove discriminatory intent.

"The venire from which the jury was selected was twenty percent black (six of thirty), and the jury which was selected and tried the case was approximately seventeen percent black (two of twelve). In selecting the jury, the State exercised four of its six peremptory strikes. Three of the four strikes exercised by the State were used to strike three of the black potential jurors. Of the remaining three black potential jurors presented for selection, two were accepted by the State and Griffeth, and one was accepted by the State but struck by Griffeth." *Griffeth*, supra at 464.

Here, as in such cases as *Burgess v. State*, 194 Ga. App. 179, 180 (390 SE2d 92) (1990), voir dire was not transcribed, and the post-trial hearing was conducted based upon recollection. Griffeth challenged the State's exercise of peremptory strikes against two black jurors.[1] The prosecuting attorney explained that he struck these two jurors because they had relatives then being prosecuted either by the district attorney's office or in juvenile court. Additionally, the prosecutor stated that there was one white juror who was peremptorily struck for the same reason and two others who would have been so struck but one was excused for cause and the other was not reached. When Griffeth challenged the persuasiveness of the reason given on the ground that the prosecutor had not questioned any prospective jurors on this subject during voir dire, the prosecutor responded that he had obtained the information otherwise, from his investigators, and that no such questions were asked because the State wished to remove all jurors so situated and had more than enough peremptory challenges to do so.

---

[1] The State used the unchallenged strike to remove a potential juror who was a friend of Griffeth's father.

Griffeth contends the court erred in finding that the proffered reason was sufficient to rebut his prima facie case, because the prosecutor did not question the jurors to confirm that they were in fact related to, or living at the same address as, or aware of, the individuals being prosecuted. Griffeth places primary reliance on *Congdon v. State*, 262 Ga. 683 (424 SE2d 630) (1993).

"In *Congdon*, [supra,] the prosecutor admittedly predicated his exercise of peremptory strikes upon a racially stereotypical belief that, as the result of an unrelated criminal investigation, all black residents of a particular neighborhood were prejudiced against the State's white prosecuting witness." (Emphasis omitted.) *Smith v. State*, 264 Ga. 449, 453 (4) (448 SE2d 179) (1994). The Supreme Court held that " '[m]ere place of residence, or any other factor closely related to race, should not be regarded as a legitimate basis for exercising peremptory challenges without some corroboration on voir dire that the challenged venirepersons actually entertain the bias underlying the use of that factor.' [Cits.]" *Congdon*, supra at 685.

*Congdon* is distinguishable because the prosecutor's reason for exercising the peremptory strikes in this case was not related to race. "Close relations with an individual who has been in trouble with the law is a gender- and race-neutral reason sufficient to overcome a prima facie case. [Cit.]" *Jackson v. State*, 220 Ga. App. 98, 99 (469 SE2d 264) (1996). The prosecutor explained his non-exploration of this subject on voir dire when he stated that he had learned that close relations existed between individuals in trouble with the law and a number of prospective jurors, and he intended to strike them all. He was not required to corroborate the truth of this information through questioning of the prospective jurors or, due to its nature, to explore whether it would affect their consideration of Griffeth's case.

" 'Peremptory strikes are intended to give validity to just this type of judgment (on the part of the prosecutor), to conclusions which, while not sufficient to justify a for cause challenge, nonetheless raise the possibility of bias (on the part of prospective jurors).' [Cits.]" *Smith*, supra at 454. Moreover, "[t]he law provides that a prosecuting attorney's explanation, even if it is based upon mistake or ignorance, may be sufficient to rebut a prima facie *Batson* showing, so long as it is not whimsical or fanciful but is neutral, related to the case to be tried, and a clear and reasonably specific explanation of the legitimate reasons for exercising the challenges." (Citations and punctuation omitted.) Id. at 453. In this case, as in *Smith*, "there is no contention that anything in the record would show that the proffered reasons did *not* apply to each prospective juror. Accordingly, it cannot be said that the explanations even, if based on mistake or ignorance, were whimsical or fanciful." (Citations and punctuation omitted; emphasis in original.) Id.

The prosecutor stated, without contradiction, that similarly situated white jurors either were or would have been struck for the same reason. Compare *Williams v. State*, 262 Ga. 732, 733 (1) (426 SE2d 348) (1993). "The explanation offered for striking each black juror must be evaluated in light of the explanations offered for the prosecutor's other peremptory strikes, and, as well, in light of the strength of the prima facie case [which was not strong here]." *Gamble v. State*, 257 Ga. 325, 327 (5) (357 SE2d 792) (1987). The fact that the State accepted three of the six black potential jurors without utilizing all of its peremptory strikes lends credence to the State's assertion that the strikes against the two black jurors were not based on race. *Higginbotham v. State*, 207 Ga. App. 424, 425 (3) (428 SE2d 592) (1993).

Thus, "[t]he trial court was authorized to conclude that the prosecutor's explanations were 'sufficiently race neutral to overcome (appellant's) accusation of racial discrimination in the exercise of peremptory challenges. (Cit.)' [Cit.]" *Trammel v. State*, 265 Ga. 156, 158 (2) (454 SE2d 501) (1995). In other words, "[t]he trial court's finding in this case that no racial motivation underlay the prosecutor's exercise of peremptory strikes was not clearly erroneous. . . ." *Smith*, supra at 454.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED JANUARY 22, 1998.

*Kristopher Shepherd*, for appellant.

*Harry N. Gordon, District Attorney, Richard L. Dickson, Assistant District Attorney*, for appellee.