## A98A0023. RUFFIN v. THE STATE.
(502 SE2d 551)

McMURRAY, Presiding Judge.

Defendant Ruffin appeals his conviction of the offenses of kidnapping and armed robbery. *Held*:

1. Defendant's first enumeration of error questions the sufficiency of the evidence to authorize his conviction. The evidence stated in the light most favorable to sustaining the verdict of the jury shows that the victim was paying a late night visit to an automobile sales lot to examine a vehicle in which he had some interest when he was approached by four individuals in a red compact car. The victim was soon ordered into the small red car at gunpoint, and was directed to lie down across the rear seat passengers. The victim saw one of the perpetrators enter his vehicle. The victim's wallet and money were taken, and the victim was driven to another location where he was left lying on the ground after a shot was fired into the ground beside his head. After the four perpetrators drove away, the victim got up and walked to a convenience store. Officer Franklin Ray Strickland heard a gunshot and drove around trying to find the source of the noise until he was dispatched to a convenience store with reference to an armed robbery. Officer Strickland had only a moment to speak to the victim before he received a request for assistance from Officer Mark Smith. While making a traffic stop of a vehicle occupied by four males, Officer Smith had been confronted with the four occupants jumping from the car. The driver fled on foot, but Officer Smith apprehended the remaining three occupants of the vehicle, including defendant. Police found two handguns along with credit cards and other property of the victim in the vehicle stopped by Officer Smith. Two of the four suspects gave incriminating statements which described defendant's role in the commission of the crimes.

Defendant maintains that the evidence at trial was insufficient to authorize his conviction in view of evidence that the victim was unable to identify any of the perpetrators in a photographic lineup, that defendant denied having been in the car at the time of the crimes, and because the two perpetrators who had given statements implicating defendant attempted at trial to recant those portions of their statements implicating defendant. Nonetheless, these circumstances merely present issues for the jury who is charged with responsibility for resolving conflicts of evidence and questions of credibility. *Bishop v. State*, 223 Ga. App. 285, 286 (4), 287 (477 SE2d 422); *Crawford v. State*, 220 Ga. App. 786, 789 (2) (470 SE2d 323); *Walsh v. State*, 220 Ga. App. 514, 515 (3), 516 (469 SE2d 526); *Royal v. State*, 217 Ga. App. 459 (1) (458 SE2d 366); *Howard v. State*, 185 Ga. App. 215 (1), 216 (363 SE2d 621). The evidence presented at trial was sufficient to authorize a rational trier of fact to determine that

defendant was guilty beyond a reasonable doubt of the offenses charged and of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560).

2. Defendant's remaining enumeration of error contends the trial court abused its discretion by denying defendant's motion based on *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) as it related to the State's allegedly improper use of peremptory strikes. " 'The trial court's decision (on a *Batson* motion) rests largely upon assessment of the prosecutor's state of mind and credibility; it therefore lies peculiarly within a trial judge's province. The trial court's factual findings must be given great deference and may be disregarded only if clearly erroneous.' (Citations and punctuation omitted.) *Hightower v. State*, 220 Ga. App. 165, 166 (1) (469 SE2d 295) (1996). . . . The threshold issue of whether [defendant] established a prima facie case of discrimination is moot because the State offered purportedly race-neutral reasons for its strikes. See *Byers v. State*, 212 Ga. App. 110, 112 (2) (441 SE2d 290) (1994). In the light of such explanations, we must determine whether the State's proffered reasons for striking the jurors in question were race-neutral. *Jackson v. State*, 265 Ga. 897, 898 (2) (463 SE2d 699) (1995). Under existing precedent, a race-neutral explanation need not be persuasive, plausible or make sense, but is an explanation 'based on something other than the race of the juror. Unless a discriminatory intent is inherent in the proponent's explanation, the reason offered will be deemed race-neutral.' (Citations and punctuation omitted.) Id." *Byron v. State*, 229 Ga. App. 795, 797 (5) (495 SE2d 123).

The State's explanations for all of its strikes were race-neutral under these guidelines. Three of the potential jurors had been the subject of action by another State agency, the Department of Family & Children Services, while the fourth was a relative of an individual who was convicted of child molestation and this potential juror's children had been arrested and been in trouble with the law. Three of the potential jurors were linked to defense counsel via their involvement with another attorney, while one juror had exhibited a propensity to violate traffic laws and had failed to appear at court. The trial court did not abuse its discretion in denying the motion because the State offered sufficient reasons for the exercise of its peremptory strikes.

*Judgment affirmed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 21, 1998.

*Billy M. Grantham*, for appellant.

*J. Brown Moseley, District Attorney, John A. Warr, Assistant District Attorney*, for appellee.