## A98A1940. WILLIAMS v. THE STATE.

(511 SE2d 561)

RUFFIN, Judge.

Carl Lewis Williams was convicted of possession of cocaine, driving under the influence of alcohol, and possession of an open container of alcohol while driving. He appeals, contending that the trial court erred in rejecting his challenge under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), to the State's use of its peremptory strikes. Because the trial court was authorized to conclude that the State exercised its strikes for race-neutral reasons, we affirm.

"The United States Supreme Court has established a three-step test for evaluating challenges to peremptory strikes. '(O)nce the opponent of a peremptory challenge has made out a prima facie case of racial discrimination (step 1), the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If a race-neutral explanation is tendered, the trial court must then decide (step 3) whether the opponent of the strike has proved purposeful racial discrimination.' *Purkett v. Elem*, 514 U. S. 765[, 767] (115 SC 1769, [1770-1771,] 131 LE2d 834, 839) (1995)." *McKenzie v. State*, 227 Ga. App. 778 (1) (490 SE2d 522) (1997). "The trial court's decision on a *Batson* motion rests largely upon assessment of the prosecutor's state of mind and credibility; it therefore lies peculiarly within a trial judge's province. The trial court's factual findings must be given great deference and may be disregarded only if clearly erroneous." (Punctuation omitted.) *Ruffin v. State*, 232 Ga. App. 614, 615 (502 SE2d 551) (1998).

1. In this case, Williams raised a *Batson* challenge after the State used five peremptory strikes to remove black potential jurors. "The preliminary issue of whether defendant established a prima facie case of discrimination is moot because the prosecutor offered purportedly race-neutral explanations for the peremptory challenges and the trial court ruled in favor of the prosecution on the ultimate question of intentional discrimination. We therefore need only address the sufficiency of the prosecutor's explanations." (Citation and punctuation omitted.) *Green v. State*, 219 Ga. App. 24, 25 (2) (464 SE2d 21) (1995).

The prosecutor stated that he struck four of the jurors because, in reviewing the jury list with local law enforcement officials, the State learned that these jurors had children with felony convictions. Specifically, juror no. 46 had a son who had been convicted of forgery, theft by taking, and possession of cocaine. Juror no. 54 had a son who had been convicted of possession of cocaine. Juror no. 66 had two children who were convicted felons. Juror no. 75 had a son who had been convicted on a habitual violator charge, and the deputy who was involved in prosecution of that charge was also a witness in the present case. This juror also had another son with a felony theft conviction.

Our Supreme Court has held that "[p]rior convictions or arrest histories of a family member are a sufficiently race neutral reason to exercise a peremptory strike. *Davis v. State*, 263 Ga. 5 (426 SE2d 844) (1993), cert. denied, 510 U. S. [950] (114 SC 396, 126 LE2d 344) (1993)." *Henry v. State*, 265 Ga. 732, 734 (2) (462 SE2d 737) (1995). Nevertheless, Williams claims that the strikes were improper because the State failed to question each potential juror to determine whether he or she was in fact related to the convicted felons. We recently rejected this same contention in a similar case. In *Griffeth v. State*, 230 Ga. App. 298 (496 SE2d 309) (1998), the prosecutor struck certain jurors because he had learned that they were related to individuals who had been in trouble with the law. In upholding the strikes, we stated that the prosecutor "was not required to corroborate the truth of this information through questioning of the prospective jurors or, due to its nature, to explore whether it would affect their consideration of [the defendant's] case." Id. at 300.

Where the State has specific information that a juror's relative has been convicted of a crime, there is no purpose in requiring the State to question the juror about the relation, since the State would be entitled to strike the juror regardless of his or her response to the question. If the juror denied any relationship, the prosecutor could disbelieve the juror and elect to use a peremptory strike on the basis of his independent investigation. See *Henry*, supra at 734 (affirming exclusion of juror who failed to disclose relationship with accused murderer); *Davis*, supra at 8 (upholding strike even though juror denied knowing defendant). Even if the prosecutor is mistaken about the existence of a relationship, a strike may be "based upon mistake or ignorance . . . so long as it is not whimsical or fanciful but is neutral, related to the case to be tried, and a clear and reasonably specific explanation of the legitimate reasons for exercising the challenges." (Punctuation omitted.) *Smith v. State*, 264 Ga. 449, 453 (4) (448 SE2d 179) (1994); see also *Griffeth*, supra. "In this case, there is no contention that anything in the record would show that the proffered reasons did not apply to each prospective juror. Accordingly, it

cannot be said that the explanations, even if based upon mistake or ignorance, were whimsical or fanciful." (Punctuation and emphasis omitted.) *Smith,* supra.

This situation is far different from that in *Ridley v. State* 235 Ga. App. 591 (510 SE2d 113) (1998), where the prosecutor struck two jurors simply because their last names were the same as defendants who had previously been prosecuted, without any information that there was a relationship between the jurors and such defendants. In this case, by contrast, the prosecutor had specific information regarding criminal convictions of specific individuals related to the potential jurors. Under these circumstances, the trial court did not err in upholding the strikes of these four jurors. See *Henry,* supra; *Griffeth,* supra.

2. With respect to the fifth juror, juror no. 55, the prosecutor explained that this juror had twice been stopped and issued traffic tickets by Officer Ryan Wimberly, who was a witness in the present case. The prosecutor stated that the juror had threatened Wimberly with a "voodoo curse," and said that he did not want the juror to participate in a case involving Wimberly. This explanation was clearly race-neutral and tied to the case at hand. See *Henderson v. State*, 257 Ga. 434, 436 (3) (360 SE2d 263) (1987) (affirming strikes of jurors who knew key witnesses). The fact that the juror did not acknowledge knowing Wimberly during panel questioning does not matter, since the prosecutor was entitled to base the strike upon his own investigation and suspicions as to the juror's bias. See *Davis,* supra. Accordingly, the trial court did not err in upholding this strike.

*Judgment affirmed. Pope, P. J., and Beasley, P. J., concur.*

DECIDED FEBRUARY 2, 1999.

*Billy M. Grantham*, for appellant.

*J. Brown Moseley, District Attorney, Robert R. Auman, Assistant District Attorney*, for appellee.