## A99A1059. O'HANNON v. THE STATE.
(524 SE2d 759)

PHIPPS, Judge.

Nathan O'Hannon was convicted of burglary, possession of a firearm during the commission of a felony, and possession of tools for the commission of a crime. On appeal, he claims that the trial court committed two harmful errors, first in violation of *Batson v. Kentucky*[1] and second in violation of the Georgia Constitution, when it allowed the State to peremptorily strike two African-Americans from the venire. Because we find against O'Hannon on each issue, we affirm.

---

[1] 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

1. We analyze O'Hannon's argument under the framework of *Batson*:[2]

> [O]nce the opponent of a peremptory challenge has made out a prima facie case of racial discrimination (step 1), the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If a race-neutral explanation is tendered, the trial court must then decide (step 3) whether the opponent of the strike has proved purposeful racial discrimination. [Cits.][3]

The initial inquiry of whether O'Hannon established a prima facie case of discrimination is moot because the State offered purportedly race-neutral explanations for the peremptory challenges, and the trial court ruled O'Hannon did not prove the strikes were exercised with an intent to discriminate.[4] We need address only the sufficiency of the State's explanations.[5]

O'Hannon's *Batson* motion related to venire members Matthew Carter and Felicia Johnson. The prosecutor asserted that Carter was struck because he said during voir dire that his brother and others had been arrested for theft and his brother was later acquitted. She stated that for this reason she believed Carter might sympathize with O'Hannon's likely defense that he was merely present with his co-defendants when the crimes were committed but that he did not participate.

With respect to Johnson, the prosecutor explained,

> She testified [during voir dire] that she had extensive courses in psychology and psychiatry and worked at Howard University Hospital and that some of her work as a physician assistant deals with issues of psychology and the State would believe that she may have a tendency to try to interpret or psychoanalyze the defendant as to this case.

To qualify as race-neutral, an explanation "need not be persuasive, plausible or even make sense."[6] It "must simply be 'based on something other than the race of the juror. Unless a discriminatory intent is inherent in the proponent's explanation, the reason offered will be deemed race neutral.' "[7] Applying these standards, we find

---

[2] Id.

[3] *Purkett v. Elem*, 514 U. S. 765, 767 (115 SC 1769, 131 LE2d 834) (1995).

[4] See *Williams v. State*, 236 Ga. App. 190 (1) (511 SE2d 561) (1999).

[5] Id.

[6] *Smith v. State*, 236 Ga. App. 122, 124 (2) (511 SE2d 223) (1999).

[7] (Citation omitted.) Id.

that the State offered race-neutral explanations for its strikes of Carter and Johnson.

O'Hannon correctly asserts that Carter did not say during voir dire that his brother had been arrested and acquitted on a theft charge. Instead, Carter said his brother had been arrested but not prosecuted. Also, O'Hannon states that by not inquiring further into the circumstances of Carter's brother's case, the State failed to make a record sufficient to reasonably justify striking Carter. Nevertheless, Carter's brother's arrest alone was sufficient to provide a race-neutral reason for striking Carter.[8]

As to Johnson, O'Hannon claims that her education and work experience in psychology and psychiatry were irrelevant to the issues of the case. Further, he questions the rationale of an inference that she would "psychoanalyze" the defendant when she worked as a primary care physician's assistant and not as a counselor. While the reasoning behind the strike of Johnson may have been open to debate, it was not grounded in a characteristic or stereotype associated with race.[9] A party may strike from idiosyncrasy.[10]

Discrimination may be found despite race-neutral explanations if the explanations are not believed but instead are found to be pretexts for discrimination.[11] The trial judge plays an important role here because:

> [t]here will seldom be much evidence bearing on that issue, and the best evidence often will be the demeanor of the attorney who exercises the challenge. As with the state of mind of a juror, evaluation of the prosecutor's state of mind based on demeanor and credibility lies "peculiarly within a trial judge's province."[12]

" 'The trial court's factual findings must be given great deference and may be disregarded only if clearly erroneous.' "[13] Here, the trial court found the prosecutor's reasons for striking the prospective jurors credible. There is no basis in the record for us to find the trial court's determination to be clearly erroneous. Therefore, we find the trial

---

[8] See *Williams*, supra at 191 (citing *Davis v. State*, 263 Ga. 5 (426 SE2d 844) (1993)); *Henry v. State*, 265 Ga. 732, 734 (2) (462 SE2d 737) (1995).

[9] See *Durham v. State*, 185 Ga. App. 163, 166 (3) (363 SE2d 607) (1987) (psychological training accepted as race-neutral basis for peremptory strike); compare *Congdon v. State*, 262 Ga. 683, 685 (424 SE2d 630) (1993) (peremptory strike overturned where prosecutor struck all African-Americans who lived in a particular area, because he presumed all African-American residents of the area likely harbored animus toward the sheriff).

[10] *McGlohon v. State*, 228 Ga. App. 726, 727 (1) (492 SE2d 715) (1997).

[11] See *Purkett*, supra.

[12] *Smith v. State*, 264 Ga. 449, 454 (4) (448 SE2d 179) (1994).

[13] (Citation omitted.) *Williams*, supra at 190.

court did not err in denying O'Hannon's *Batson* challenges.

2. Also O'Hannon claims that the State's peremptory strikes of Carter and Johnson violated Art. I, Sec. I, Par. XI (a), Ga. Const., which declares, "In criminal cases, the defendant shall have a public and speedy trial by an impartial jury."[14] Because O'Hannon did not present that argument in the trial court and it was not ruled upon in the trial court, that ground for challenging the strikes was waived.[15]

*Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED NOVEMBER 5, 1999.

*Shandor S. Badaruddin*, for appellant.

*Patrick H. Head, District Attorney, Thomas A. Cole, Debra H. Bernes, Assistant District Attorneys*, for appellee.

---

[14] Ga. Const. of 1983, Art. I, Sec. I, Par. XI (a).
[15] See *Rushing v. State*, 271 Ga. 102, 105 (2) (515 SE2d 607) (1999).