## A02A1746. HORTMAN v. THE STATE.
(576 SE2d 294)

BLACKBURN, Chief Judge.

A Bibb County Superior Court jury found Benjamin F. Hortman guilty of trafficking in marijuana, conspiracy to traffic in marijuana, and six counts of use of a communication facility in committing or facilitating a felony under the Georgia Controlled Substances Act. At sentencing, the trial court merged Hortman's conspiracy conviction with his trafficking conviction. In this appeal, Hortman contends that the trial court erred in denying his motion for directed verdict of acquittal for trafficking in marijuana, because the State failed to prove venue for that offense in Bibb County. We agree and reverse.

Hortman and several others were charged under a multi-count indictment. Count 2, the one at issue here, alleged that Hortman, Thomas Joseph Sams, Chalma Lee Sexton, Ralph Harris, Benjamin Drake Hortman, and Franklin Brad Horton

> between the 1st day of July in the year 1999, and the 30th day of September 1999, in the State and County aforesaid [(Bibb)], did then and there knowingly bring into the State of Georgia more than 100 pounds of marijuana, and did possess said marijuana with the intent to distribute it, in violation of the Georgia Controlled Substances Act, contrary to the laws of said State, the good order, peace, and dignity thereof.

When viewed in the light most favorable to the verdict, the evidence established that Hortman, Sams, Sexton, and Harris together developed a plan to procure a large amount of marijuana to bring into Georgia for distribution and sale. In furtherance of their enterprise, Sexton went to Texas and/or Mexico and purchased marijuana. Sexton divided the marijuana into three boxes and made arrangements with United Parcel Service ("UPS") to ship two boxes weighing approximately 100 pounds to a location in Musella, Georgia, in Crawford County. A third box containing 35 pounds of marijuana was shipped to Virginia. The two boxes destined for Musella were addressed to a nonexistent person.

During a routine check of air cargo for contraband at an airport in San Antonio, Texas, law enforcement officers discovered the marijuana and intercepted the entire shipment on September 13. The next day, Sergeant Richard Guzzmon, assigned to the narcotics division of the Texas Department of Public Safety, took custody of "the two large boxes that Officer Gaston had seized." After observing "compressed marijuana," Guzzmon testified that he resealed the two boxes destined for Georgia and shipped them by Airborne Express to Investigator Harry Colbert. The aggregate weight of each box was 62 and 58 pounds respectively. When the two boxes arrived, Colbert, on behalf of the Middle Georgia Drug Task Force, assumed custody of them in Bibb County.[1]

Investigators learned that Sexton had a criminal record that included trafficking in marijuana and was on parole when he made the shipping arrangements. Based on information implicating Hortman, the task force obtained a warrant to conduct electronic intercepts of Hortman's cell phone and two business telephones at Hortman's Grocery, a business operated by Drake Hortman, his son. Hortman was a longtime resident of Crawford County and the store was also in Crawford County. Between September 14 and September 28, the task force intercepted numerous calls involving these telephones. Hortman's participation in the conspiracy to import a trafficking amount of marijuana (more than 50 pounds as required by OCGA § 16-13-31 (c)) was evidenced in these intercepted telephone conversations.[2] When the boxes of marijuana did not arrive as anticipated, Hortman repeatedly called Sams in Bibb County entreating him to contact UPS to check on the status of the packages. When the UPS shipment still did not appear, Hortman and Sams discussed their options and whether Sexton had double-crossed them.

---

[1] A task force member retrieved the third box from Virginia and brought it to Georgia.

[2] The jury acquitted Hortman of violating the Georgia Racketeer Influenced and Corrupt Organizations Act.

On September 27, Hortman agreed to take $18,000 in cash to Sams for delivery to Sexton in Tennessee so that Sexton could purchase more marijuana. Shortly after Hortman went to Sams' residence in Bibb County, Sams left for Chattanooga. Police apprehended Sams on I-75 heading north with $18,000 in cash located under his car seat. This stop occurred in Bibb County. During the execution of a search warrant at Hortman's Grocery, a K-9 unit alerted to narcotics or narcotics residue around a safe in the store. Inside the safe was more than $140,000 in cash bundled in increments like the cash recovered from Sams' vehicle.

In his sole claim of error, Hortman contends that the State failed to prove venue in Bibb County for prosecuting him there on the trafficking offense. He asserts that the relevant act of possession took place in Texas, not Georgia. He argues that since the element of dominion or control was cut off by law enforcement officials in Texas, no actual or constructive possession ever occurred in Bibb County.

Possession may be joint or exclusive and actual or constructive. *Stevens v. State*.[3] "A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it." (Punctuation omitted.) *Epps v. State*.[4] But here, law enforcement officers in Texas confiscated the boxes containing the marijuana and assumed control over them. Thereafter, notwithstanding Hortman's intent to exercise dominion and control over the marijuana, he no longer had the power to do so. Nor did any of his co-indictees have that power so as to make Hortman a party to the crime of trafficking. See *Davitte v. State*[5] (one who intentionally aids or abets the commission of a crime may be convicted as a party to the crime). The evidence indisputably shows that it was Texas authorities who resealed the boxes of marijuana and sent them to the drug task force in Georgia via a different air freight carrier. Thus, Hortman and his co-conspirators lost control over the marijuana while it was still in Texas. Had Hortman or any of the others succeeded in bringing the marijuana into this State for sale, then "the crime of trafficking in marijuana as it is defined in OCGA § 16-13-31 (c) would have occurred." *Raftis v. State*.[6] While it is apparent that Hortman committed the offense of conspiracy to traffic in marijuana, and Hortman does not dispute his conviction for that offense, the contrary is equally true as to the offense of trafficking. See *Moser v.*

---

[3] *Stevens v. State*, 245 Ga. App. 237, 238 (1) (537 SE2d 688) (2000).
[4] *Epps v. State*, 251 Ga. App. 645, 646 (555 SE2d 25) (2001).
[5] *Davitte v. State*, 238 Ga. App. 720, 724 (1) (b) (520 SE2d 239) (1999).
[6] *Raftis v. State*, 175 Ga. App. 893, 895 (1) (334 SE2d 857) (1985).

*State*[7] (conspiracy requires only proof of the commission of an overt act, not the completed crime).

The State points out that venue may be established in the county where the substantive offense is committed, even if the defendant never entered that county. *Osborn v. State*.[8] But here, the substantive offense of trafficking was not completed. Compare *Davis v. State*[9] (" '[v]enue in a conspiracy prosecution is properly laid either in the jurisdiction where the conspiracy was formed or in any jurisdiction wherein a conspirator committed an overt act in furtherance of the conspiracy' "). The record contains no evidence that Hortman or one of his co-defendants actually brought 50 pounds or more of marijuana into Bibb County. Because the act of "knowingly bringing" a trafficking quantity of marijuana into Georgia was an essential element of the trafficking count as set forth in Count 2 of the indictment, and the record lacks proof of that element, Hortman's conviction for this offense cannot stand. See *Smith v. State*[10] (when material allegation describes particular way in which offense committed, State must prove such). Therefore, we reverse Hortman's trafficking conviction and remand the case for resentencing on the conspiracy conviction.

*Judgment reversed and case remanded. Johnson, P. J., and Miller, J., concur.*

DECIDED DECEMBER 20, 2002.

*Althea L. Buafo*, for appellant.

*Howard Z. Simms, District Attorney, Kimberly S. Schwartz, Myra H. Kline, Assistant District Attorneys*, for appellee.

---

[7] *Moser v. State*, 178 Ga. App. 526, 531 (343 SE2d 703) (1986).
[8] *Osborn v. State*, 161 Ga. App. 132, 133 (1) (291 SE2d 22) (1982).
[9] *Davis v. State*, 225 Ga. App. 564, 566 (3) (484 SE2d 284) (1997).
[10] *Smith v. State*, 202 Ga. App. 664, 666 (415 SE2d 481) (1992).