### A11A1664. RAINES v. THE STATE.
(722 SE2d 779)

BARNES, Presiding Judge.

A jury convicted Katorian Ronte Raines of trafficking in cocaine, and the trial court sentenced him to 30 years to serve in confinement. He appeals, contending that the evidence against him was insufficient and that the trial court erred in denying his *Batson* motion. For the reasons that follow, we affirm.

"Following a criminal conviction, we construe the evidence in the light most favorable to the jury's verdict." (Citation omitted.) *Fortune v. State*, 304 Ga. App. 294, 295 (696 SE2d 120) (2010). So viewed, the evidence at trial established that the police stopped Meiko Collier on Interstate 75 for following too closely, obtained his consent to search the rental car he was driving, and found bags of a substance ultimately determined to be cocaine. Collier agreed to

---

participate in a sting operation and called Raines to meet him in a motel parking lot. Raines arrived, got into Collier's car, and showed him a bag of money that Raines said contained $14,500. Raines then got out, retrieved the drugs from the trunk of Collier's car, and got back in. At that point the police moved in and arrested both men for trafficking in cocaine. Collier had not entered a plea or gone to trial when he testified for the State during Raines's trial.

1. Raines argues the evidence against him was insufficient to sustain the trafficking conviction because the sale "was technically never completed and [he] never acquired possession of the cocaine," citing *Epps v. State*, 251 Ga. App. 645, 647 (555 SE2d 25) (2001). In *Epps*, this court reversed a cocaine trafficking conviction, where the evidence showed that Epps took a test sample from a large block of cocaine, which the seller then put into the trunk of his car. Id. at 646. After Epps tested the drugs he returned to the car with cash, at which point the police approached and arrested him. Id. We held that Epps never had actual or constructive possession of all the cocaine, a necessary element of the crime of trafficking under OCGA § 16-13-31 (a). Id. at 647.

In this case, however, the State presented sufficient evidence from which the jury could find that Raines possessed the cocaine he retrieved from the trunk of Collier's car. In *Epps*, the seller had locked the drugs away in his trunk where the defendant had no access to them; in this case, Raines retrieved the drugs from the trunk of the car and had them in his hands when the police arrested him. This evidence is sufficient to meet the standards set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Kimble v. State*, 301 Ga. App. 237, 240 (1) (a) (687 SE2d 242) (2009).

2. Raines also asserts that the State used its peremptory jury strikes in a racially discriminatory manner in violation of *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

> The evaluation of a *Batson* challenge involves three steps: (1) the opponent of the peremptory challenge must make a prima facie showing of discrimination; (2) the burden then shifts to the proponent of the strike to offer a race-neutral explanation for the strike; and (3) the trial court then must decide whether the opponent of the strike has proven discriminatory intent. The ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike. The trial court's findings as to whether the opponent of the strike has met the burden of persuasion are entitled to great deference and will be affirmed unless clearly erroneous.

(Citations and punctuation omitted.) *Rakestrau v. State*, 278 Ga. 872, 874 (3) (608 SE2d 216) (2005).

In this case, Raines is African-American, and 15 of the 36 members of the jury pool were African-American. After voir dire, the State struck eight jurors, all of whom were African-American, and Raines struck nine jurors, all of whom were white, leaving a jury of four African-Americans and eight whites, with an alternate who also was white. Raines objected to the jury panel, contending that the State exercised its peremptory strikes in a racially discriminatory manner. The trial court agreed that Raines presented a prima facie case of discrimination, and the burden shifted to the State to explain why its strikes were racially neutral and not based on the potential juror's race. The State then explained the reasons for striking each juror, and the trial court concluded that the State gave sufficient race-neutral reasons for all of its strikes.

Upon review, we agree with the trial court that the State gave sufficiently race-neutral reasons for its jury strikes. Raines accepted at trial the State's reason for striking one of the jurors, who had not admitted on voir dire that he had two felony convictions and numerous misdemeanor convictions. The State struck one juror because he expressed concern that he would have a difficult time being an impartial juror. The next juror was struck because she regularly watched CSI on television and the prosecutor had been involved in a case that ended with a mistrial because a juror who was a CSI fan felt that the scientific evidence presented did not measure up to "CSI standards." The following juror had served on a jury that was unable to reach a verdict, two jurors had known Raines all of their lives, and another juror had gone to school with him. Finally, the last juror struck had a prior felony conviction.

The trial court found that all of these reasons were racially neutral, and while Raines argues summarily that "it is clear that some of the reasons offered by the State were not race neutral," we disagree. See *Rakestrau*, 278 Ga. at 875 (3) (b) (concern about difficulty understanding scientific evidence is race-neutral); *Hall v. State*, 261 Ga. 778, 780 (2) (a) (415 SE2d 158) (1991) (reasonable suspicion about prospective juror's impartiality may justify the exercise of a peremptory strike); *Aldridge v. State*, 222 Ga. App. 437, 437-438 (1) (475 SE2d 195) (1996) (prospective juror's knowledge of the defendant is legitimate explanation for peremptory strike, as is service on a hung jury); *Green v. State*, 219 Ga. App. 24, 25 (2) (464 SE2d 21) (1995) (prior felony prosecution is legitimate reason for striking a prospective juror). Because the trial court did not err in concluding that defendant failed to carry his burden of persuasion regarding a racially discriminatory intent in making the jury strikes, we affirm the trial court's ruling on this issue.

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED FEBRUARY 3, 2012.

*Timothy L. Eidson, Rashawn D. Clark,* for appellant.
*Denise D. Fachini, District Attorney, Henry O. Jones III, Assistant District Attorney,* for appellee.