## S95A1151. TEDDER v. THE STATE.
(463 SE2d 697)

SEARS, Justice.

Appellant Troy Stephen Tedder appeals his convictions for felony murder, aggravated battery, aggravated assault, and robbery. We affirm.

The facts proved at trial establish that Tedder, while spending the night in Gainesville, Georgia en route to North Carolina, met the male murder victim in a motel bar, and accompanied him to a motel room. Shortly thereafter, Tedder appeared at the motel front desk shirtless and shoeless, with blood smeared on his chest. Tedder told the desk clerk that he and a friend had fought in a motel room, that he was concerned about the friend's condition, and that he had the key to the motel room, but could not remember which room the key fit. Tedder then fled the motel. Motel employees found the victim, who had been severely beaten, dead in the motel room. The motel room had been ransacked. An autopsy later determined that the victim had died of multiple blunt impacts to his head.

After fleeing to North Carolina, Tedder confessed to a friend that he had murdered the victim after the victim made sexual advances toward him, and that after the killing, he had stolen the victim's money. At trial, Tedder pleaded self-defense, claiming that he had killed the victim after he attempted to sodomize Tedder.[1]

---

[1] The murder occurred in the early morning on September 17-18, 1993, and Tedder was indicted on March 17, 1994. The trial commenced on November 9, 1994, and the jury returned its guilty verdicts on November 15, 1994. The aggravated assault and battery convictions were merged into the felony murder conviction, and the court sentenced Tedder to life

1. Having reviewed the evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Tedder was guilty of felony murder, aggravated assault, aggravated battery, and robbery.[2]

2. Tedder claims that the trial court erred in denying his challenges to the State's exercise of six peremptory strikes against male members of the jury pool. Tedder argues that the peremptory strikes were unconstitutional because they were based solely upon the six male jurors' gender, and the stereotype that the jurors, as heterosexual men, were homophobic, and thus would be unsympathetic toward the homosexual victim in this case.

In *J. E. B. v. Alabama*,[3] the United States Supreme Court extended its holding in *Batson v. Kentucky*[4] to instances where peremptory strikes are exercised solely on the basis of gender. Thus, as it does with race,

> the Equal Protection Clause prohibits discrimination in jury selection on the basis of gender, or on the assumption that an individual will be biased in a particular case for no reason other than the fact that the person happens to be a woman or happens to be a man.[5]

Once a party challenging the exercise of a peremptory strike makes a prima facie showing of gender-based discrimination, the party exercising the strike must give an explanation for the strike that is gender-neutral, reasonably specific, and related to the case.[6]

Assuming, without deciding, that Tedder made a prima facie showing of gender-based discrimination, the State met its burden in providing gender-neutral, reasonably specific, and case-related explanations for its exercise of its peremptory strikes. For example, during voir dire, several of the stricken male jurors expressed hostile attitudes toward gay men, and thus may have been unsympathetic toward the victim in this case.[7] Still other jurors expressed animus to-

---

imprisonment, in addition to 20 years on the robbery conviction, to run concurrently. The court's sentencing order was filed on November 16, 1994, and Tedder timely filed a motion for new trial on December 15, 1994. The transcript was certified by the court reporter on December 23, 1994, and the motion for new trial was denied on February 20, 1995. Tedder timely filed a notice of appeal with this Court on March 9, 1995. The appeal was docketed with this Court on April 14, 1995, and submitted for decision without oral argument on June 5, 1995.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] ___ U. S. ___ (114 SC 1419, 128 LE2d 89) (1994).

[4] 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

[5] 114 SC at 1430.

[6] See *J. E. B.*, 114 SC at 1429-1430. The explanation given need not rise to the level of an explanation of a strike for cause. Id.

[7] See id. (the ruling in *J. E. B.* does not conflict with the State's legitimate interest in

ward the district attorney's office. Accordingly, we reject Tedder's first enumeration.

3. We have reviewed Tedder's other enumerations, and find them to be without merit.[8]

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 20, 1995.

*Mark T. Sallee,* for appellant.

*Lydia J. Sartain, District Attorney, Leonard C. Parks, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Richard J. Warren, Assistant Attorney General,* for appellee.

---

using its peremptory challenges to secure a fair and impartial jury; rather, gender simply may not "serve as a proxy for bias").

[8] These include claims that: (1) the trial court erred in recharging the jury on felony murder without repeating its earlier *Edge* instruction (see *Edge v. State,* 261 Ga. 865, 867, n. 3 (414 SE2d 463) (1992)); and (2) we should extend our ruling in *Edge,* supra, to this case.