A95A2272. JACKSON v. THE STATE.
(469 SE2d 264)

RUFFIN, Judge.

Daryl Jackson appeals his conviction of burglary, asserting as error the trial court's denial of his motion challenging the State's use of its peremptory strikes. Because the trial court's decision was not clearly erroneous, we affirm.

The record shows that during jury selection, Jackson objected to the State's use of peremptory challenges to strike six women from the jury, five of whom were African American. See *Batson v. Kentucky,* 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), which prohibits peremptory strikes exercised solely on the basis of race, and *J. E. B. v. Alabama,* ___ U. S. ___ (114 SC 1419, 128 LE2d 89) (1994), which prohibits peremptory strikes exercised solely on the basis of gender.

The Equal Protection Clause of the United States Constitution prohibits discrimination in jury selection on the basis of gender or race, or on the assumption that an individual will be biased in a particular case for no reason other than the individual's gender or race. *Tedder v. State,* 265 Ga. 900 (463 SE2d 697) (1995). "Once a party challenging the exercise of a peremptory strike makes a prima facie showing of [race- or] gender-based discrimination, the party exercising the strike must give an explanation for the strike that is[, depending on the case, either race- or] gender-neutral, reasonably specific, and related to the case." (Footnote omitted.) Id. at 901. In all cases, the reason given for the strike must be legitimate and not a reason that denies equal protection. See *Purkett v. Elem,* ___ U. S. ___ (115 SC 1769, 131 LE2d 834) (1995); *Jackson v. State,* 265 Ga. 897 (463 SE2d 699) (1995). In this case, however, "[t]he preliminary issue of whether [Jackson] established a prima facie case of discrimination is moot because the prosecutor offered purportedly [gender- and] race-neutral explanations for the peremptory challenges and the trial court ruled on the ultimate question of intentional discrimination. [Cit.] We therefore need only address the sufficiency of the prosecutor's explanations for the exercise of the [State's] peremptory strikes. . . ." *Chunn v. State,* 210 Ga. App. 209, 210 (2) (435 SE2d 728) (1993).

In reviewing the trial court's disposition of the motion, "we must bear in mind that the prosecutor's explanation need not justify a

challenge for cause. . . . The trial court's decision rests largely upon assessment of the prosecutor's state of mind and credibility; it therefore lies peculiarly within a trial judge's province. The trial court's factual findings must be given great deference and may be disregarded only if clearly erroneous." (Citations and punctuation omitted.) *Sorrells v. State*, 218 Ga. App. 413, 414 (2) (461 SE2d 904) (1995).

The reasons given by the prosecutor for three of the State's strikes have previously been ruled sufficient to overcome a prima facie case of discrimination. The prosecutor explained that he struck juror no. 29, an African-American female, because she was previously tried for embezzlement. The prosecutor struck juror no. 14, also an African-American female, because she had a cousin who was prosecuted by the district attorney's office for murder. Close relations with an individual who has been in trouble with the law is a gender- and race-neutral reason sufficient to overcome a prima facie case. See *Hall v. State*, 261 Ga. 778 (2) (415 SE2d 158) (1991). Although Jackson argues the prosecutor did not strike a male juror whose cousin was also prosecuted by the district attorney's office, the record shows that the answers to questions posed to juror no. 14, as well as her body language, led the prosecutor to fear that she was ambivalent about whether her cousin was fairly treated. The prosecutor struck juror no. 31, an African-American female, because she had a difficult time responding to questions and was inattentive. This too is a race- and gender-neutral reason that we have ruled sufficient to overcome a prima facie case of discrimination. See *Dixon v. State*, 214 Ga. App. 374 (3) (448 SE2d 40) (1994).

Likewise, we find that the prosecutor gave legitimate reasons, which did not deny Jackson equal protection, for the State's remaining three strikes. The prosecutor explained that he struck juror no. 10, an African-American female, because her home was burglarized twice by the same person and she failed to press charges on either occasion. Based on this, the prosecutor feared she would be too forgiving. The prosecutor struck juror no. 20, an African-American female, because she stated she thought it would be "fun" to sit on a jury and he was concerned that she did not appreciate the seriousness of the trial process. Finally, juror no. 27, a white female, was struck because she previously sat on a criminal jury that did not reach a verdict and the prosecutor was concerned over what role she may have played in the jury's failure to reach a verdict.

Because the record shows that these were legitimate race- and gender-neutral reasons that did not deny Jackson equal protection, and giving great deference to the trial court as we must, we do not find that the judge's rulings as to any of the peremptory strikes by the prosecutor were clearly erroneous.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 6, 1996.

*David L. Whitman*, for appellant.
*Lewis R. Slaton, District Attorney, Kirby Clements, Jr., Carl P. Greenberg, Assistant District Attorneys*, for appellee.