A96A0406. CRAWFORD v. THE STATE.
(470 SE2d 323)

BIRDSONG, Presiding Judge.

Bobby Crawford was convicted of the misdemeanor of unlawful possession of less than one ounce of marijuana and of the felony of possession of cocaine with intent to distribute, both offenses being in violation of the Georgia Controlled Substances Act. He enumerates

two errors. *Held*:

1. Appellant contends that in denying his *Batson* challenge the jury panel included only two black jurors, both of whom were challenged peremptorily by the State. Voir dire was not recorded. The record reveals that the trial court, without expressly finding the existence of a prima facie case of discrimination, called upon the State to explain its strikes of the two black jurors. The State gave the following explanations: as to the black female juror, the State announced that "our records indicate she's a felon. She's done a verdict of not guilty." Thereafter, when the trial court inquired whether the juror "was on a previous jury that returned a not guilty verdict," the State responded, "that's true." The State also asserted it had considered the fact that the juror lives on "the very next street down from where all this happened." The trial court found the explanation given to be race neutral and overruled appellant's *Batson* objection as to this juror. The State then explained its strike of the black male juror on the basis that the juror's brother had a conviction for a violation of the Georgia Controlled Substances Act and that the juror was a defendant in a prior simple battery case. The trial court found this explanation also to be race neutral and overruled appellant's *Batson* objection as to this juror. The trial court then inquired if the parties were prepared to pick an alternate juror and both appellant and the State responded in the affirmative.

Appellant does not assert on appeal that the State failed to give a race-neutral explanation as to the male juror; accordingly, any claim of error regarding the trial court's *Batson* ruling regarding this juror has been abandoned. Court of Appeals Rule 27 (c) (2). Appellant does contend, however, that there exists no race-neutral explanation for the striking of the female juror, and that the State erroneously informed the trial judge that the female juror had been convicted of a felony offense.

"Once the opponent of the strike establishes a prima facie case of racial discrimination, 'the burden shifts to the (proponent of the strike) to articulate a race neutral explanation for striking the jurors in question.'" *Jackson v. State*, 265 Ga. 897, 898 (2) (463 SE2d 699). However where, as in this case, the proponent of a strike has offered race-neutral explanations therefor and the trial court has ruled on the ultimate question of intentional discrimination, the preliminary issue whether the opponent to the strike has made a prima facie showing of racial discrimination becomes moot. *Lewis v. State*, 262 Ga. 679, 680 (2) (424 SE2d 626). In any event, at the stage of a *Batson* inquiry when the proponent of the strike tenders a purported race-neutral explanation, there exists no requirement "to enunciate 'an explanation that is persuasive, or even plausible.'" *Jackson*, supra at 898 (2). Essentially, a neutral explanation is one based on something other than

the race of a juror and, unless a discriminatory intent is inherent in the explanation, the reason offered will be deemed race neutral. Id. At the final stage of a *Batson* inquiry, the ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike. Id. at 899. At this final stage, " 'implausible or fantastic justifications may (and probably will) be found to be pretexts for purposeful discrimination. But to say a trial judge may choose to disbelieve a silly or superstitious reason at step 3 [the final stage] is quite different from saying that a trial judge must terminate the inquiry at step 2 [the explanation stage] when the race-neutral reason is silly or superstitious.' " (Emphasis omitted.) Id.

Appellant's claim that the female juror had not been convicted of a felony is not supported by evidence of record; the voir dire was not transcribed. We cannot consider on appeal unsupported statements of fact contained in a party's brief. *Behar v. Aero Med Intl.*, 185 Ga. App. 845 (1) (366 SE2d 223) and progeny. Appellee neither stipulates nor makes an admission in judicio in its brief (although such a fact is implied therein) that the first juror was not a convicted felon. This Court must base its ruling upon those relevant facts affirmatively appearing in the trial record.

Regardless whether the first juror was a convicted felon, appellee additionally provided two other explanations for its strike: first, that the juror previously had served on a jury that returned a not guilty verdict in a felony case, and secondly, that the juror lived in the same neighborhood on the very next street down from the incident. These independent explanations constituted legitimate race-neutral explanations, within the meaning of *Jackson*, supra, for purposes of satisfying step 2 (the explanation stage) of a *Batson* inquiry. Compare *Purkett v. Elem,* 514 U. S. \_\_\_\_ (115 SC 1769, 131 LE2d 834). Additionally, even if not *plausible* due to lack of authenticity, a claim made in good faith or inadvertently that the juror was a convicted felon would constitute a race-neutral explanation for purposes of step 2 of the *Batson* inquiry; for at this stage, the proponent is not required to enunciate an explanation that is either persuasive, or *even plausible. Jackson*, supra at 898 (2).

Examining the record in its totality, we further find that appellant, as opponent to the strike, has failed on appeal to carry his ultimate burden of persuasion regarding racial motivation for the strike. Inherent within the ruling of the trial court was its determination that the opponent of the strike, the appellant, had failed to carry his burden to establish that the proponent of the strike, the State's, "explanation was motivated by discriminatory intent." Id. at 899. "In these matters, the findings of the trial court are entitled to great deference, and should not be disturbed unless clearly erroneous." Id. at 900. The record reveals the trial court's findings were not clearly erro-

neous. Appellant's enumeration of a *Batson* error is without merit.

2. A police officer observed appellant engage in what appeared to be two drug transactions; appellant would walk up to a vehicle, hand the occupant something and then place something in his pocket which he had obtained from the occupant. The officer called for backup. The officer observed appellant throw a "white and yellow" object down by the base of an evergreen tree. When the officer and a backup officer attempted to apprehend appellant, the latter ran. Appellant was tackled and a bag of green leafy material, later determined to be marijuana, was found in his hand. The arresting officer then observed the backup officer and another officer search for and locate a "white and yellow" object at the base of the same evergreen tree where appellant had thrown a "white and yellow" object. The object seized was a plastic bottle containing what was determined to be 43 pellets of crack cocaine. Although the arresting officer could not positively identify the seized bottle, it appeared to be consistent in appearance to the object he observed appellant throw down. From the time the officers pursued appellant until the time the base of the evergreen tree was searched, the officers observed no one other than appellant near the tree where the "white and yellow" object was recovered.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). To support the verdict, circumstantial evidence must only exclude reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662). Under this rule, the State is not required to remove every possibility of innocence of the crime charged. *Ross v. State*, 214 Ga. App. 697, 698 (448 SE2d 769). Viewing the evidence of this case in a light most favorable to the verdict, we conclude that the jury rationally could have found that it excluded every reasonable hypothesis except that of the defendant's guilt as to the offenses of which he was convicted; the jury was authorized by the evidence presented to exclude other possible hypotheses as unreasonable (id. at 699). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of which convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Appellant's enumeration of insufficiency of the evidence is without merit.

*Judgment affirmed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED MARCH 18, 1996.

*Michael A. Corbin*, for appellant.
*Jack Partain, District Attorney, Susan L. Franklin, Assistant District Attorney, Kermit N. McManus, F. Lee Miles*, for appellee.