## A96A0889. ALDRIDGE v. THE STATE.
(475 SE2d 195)

Judge Harold R. Banke.

A Colquitt County jury convicted Michael Aldridge of selling cocaine (OCGA § 16-13-30 (b)). As this conviction was his second, the trial court sentenced him to life in prison pursuant to OCGA § 16-13-30 (d). He appeals. *Held*:

1. Aldridge claims the trial court erred by rejecting his challenge to the State's use of all its peremptory strikes against African-American women. On appeal, he claims the State offered insufficient reasons for striking four of those five venirewomen.

The State explained that the first strike was used against a woman who admitted during voir dire she knew Aldridge and his friends and acquaintances. The second strike was used against a woman who had failed to appear for jury duty on the first day of the trial week and who also stated she knew some of Aldridge's family. Although voir dire was not transcribed, the trial court recalled on the record that these two women had admitted knowing either the defendant or one of the prospective defense witnesses.[1] These explanations constitute the kind of race-neutral, specific explanations related to the case at hand which will overcome a charge of intentional discrimination. *Gamble v. State*, 257 Ga. 325, 327 (5) (357 SE2d 792) (1987). A prospective juror's knowledge of the defendant is a legitimate explanation for a peremptory strike, as is a prosecutor's concern that a panel member will not give a case his or her full atten-

---

[1] Aldridge contends the record does not support the trial court's findings. He did not take steps to ensure the voir dire proceedings were transcribed for the appellate record; therefore, we presume the trial court's findings were supported by the evidence. See *Meier v. State*, 190 Ga. App. 625, 626 (1) (379 SE2d 588) (1989).

tion. *Jackson v. State*, 220 Ga. App. 98, 99 (469 SE2d 264) (1996); *Byers v. State*, 212 Ga. App. 110, 112-113 (2) (441 SE2d 290) (1994).

The State used its final two strikes against two women who, the prosecutor said, had served on a hung jury earlier in the week and who other jurors claimed had refused to deliberate. According to the prosecutor, that jury hung on a vote of 10-2 for conviction. The defendant did not challenge the prosecutor's contentions. A panel member's prior service on a jury which did not reach a verdict constituted a proper basis for a peremptory strike of that panel member in *Jackson*, supra. Under these circumstances, the trial court's rulings on this issue were not clearly erroneous. See *Gamble*, 257 Ga. at 327 (5).

2. In Aldridge's second enumeration of error, he contends the trial court erred by admitting evidence of other incidents in which he sold drugs to undercover officers. The trial court held a hearing pursuant to Uniform Superior Court Rule 31.3 and found this evidence admissible. Because Aldridge provided this Court with no transcript of the hearing, we cannot review his enumeration to the extent it depends on a review of evidence presented at that hearing. Therefore, we presume the trial court found this evidence admissible for a proper purpose. *Hightower v. State*, 210 Ga. App. 386, 387 (1) (436 SE2d 28) (1993).

Aldridge also contends this evidence was inadmissible because these other transactions were not sufficiently similar to the sale for which he stood trial. The trial transcript shows that in the sale for which Aldridge was indicted, Aldridge was standing on a street corner in Moultrie on February 3, 1995, and flagged down undercover officers driving through the neighborhood. The officers told Aldridge they were looking for $40 worth of crack cocaine. He told them to drive around the block. When they returned, Aldridge delivered the drugs in exchange for cash.

The similar transactions evidence showed that on two occasions in February and April 1987, Aldridge sold similar amounts of crack cocaine to an undercover officer who was driving through a Moultrie neighborhood. Earlier on the day of the sale for which he was indicted, undercover officers found Aldridge standing on a street corner. He approached their vehicle and sold them $30 worth of marijuana. In the final incident on March 30, 1995, the same undercover officers made a street corner purchase from Aldridge of crack cocaine worth $40. This evidence showing independent crimes involving similar dollar amounts of drugs sold in sidewalk sales to passing vehicles is sufficient proof of similarity between the other crimes and the one for which Aldridge was tried by this jury. *Hunt v. State*, 219 Ga. App. 741, 743 (3) (466 SE2d 894) (1996).

*Judgment affirmed. Andrews and Smith, JJ., concur.*

DECIDED AUGUST 7, 1996.

*Short & Fowler, Brian A. McDaniel*, for appellant.
*H. Lamar Cole, District Attorney, Charles M. Stines, Anthony S. Gunn, Assistant District Attorneys*, for appellee.