## A96A2073. RICHARD v. THE STATE.
### (476 SE2d 849)

BLACKBURN, Judge.

In this appeal from his conviction for robbery (OCGA § 16-8-40), Clarence Paul Richard contends in his sole enumeration of error that the State improperly struck an African-American venireman from his jury panel in violation of *Batson v. Kentucky,* 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

Examining the record, we find that although voir dire was not recorded, the trial transcript reflects the State struck one of two black panel members. When Richard challenged this strike, the trial court ruled that Richard had not shown a prima facie case of discrimination under *Batson.* The State nonetheless gave its reason for the strike, and the prosecutor stated the panel member had previously served on a jury that returned a "not guilty" verdict in a criminal case he prosecuted. The prosecutor told the trial court he had previously struck white and black prospective jurors who had served on juries which returned "not guilty" verdicts, but he did not know of any other members of Richard's panel who had served on such a jury. The trial court then denied Richard's motion. We affirm.

The initial inquiry in this type of case is "whether [Richard] established a prima facie case of discrimination to trigger the prosecutor's duty to give racially neutral reasons for the exercise of his challenged peremptory strikes." *Lewis v. State,* 262 Ga. 679, 680 (2) (424 SE2d 626) (1993). In this case, because the trial court ruled on the ultimate question of intentional discrimination, the preliminary issue of whether Richard made a prima facie case of discrimination is rendered moot. Id. Accordingly, we focus on the ultimate question of intentional discrimination.

The prosecutor must respond to a prima facie *Batson* challenge by giving specific race-neutral, case-related reasons for his peremptory strikes. *Gamble v. State,* 257 Ga. 325, 327 (5) (357 SE2d 792) (1987). We have held a prosecutor's good-faith concern that a juror

will not properly consider a case to be a proper ground for exercising a strike. In *Crawford v. State*, 220 Ga. App. 786, 788 (1) (470 SE2d 323) (1996), we held race-neutral the explanation of a prosecutor who stated he struck a black female from a jury panel because of her previous service on a jury which returned a not guilty verdict in a felony case. We have previously held that strikes based on a panel member's service on a prior "hung jury" in a criminal case were not discriminatory. *Aldridge v. State*, 222 Ga. App. 437 (475 SE2d 195) (1996); *Jackson v. State*, 220 Ga. App. 98 (469 SE2d 264) (1996).

Under this case law, the State presented a legitimate, race-neutral explanation for the challenged peremptory strike. Richard has pointed to no facts in the record challenging the basis for the prosecutor's explanation. *Crawford*, supra. Thus, the trial court's conclusions are not clearly erroneous. *Gamble*, supra at 327 (5).

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED OCTOBER 8, 1996.

*William W. Clarke*, for appellant.
*Stephen F. Lanier, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.