A96A2295. WALTON v. THE STATE.
(480 SE2d 284)

ANDREWS, Chief Judge.

Terry Walton appeals the conviction entered on a jury verdict finding him guilty of two counts of simple battery. Walton argues the evidence was insufficient to support the verdict and the trial court erred in denying his race and gender based discrimination challenges to the State's use of peremptory strikes to remove two men from the jury pool.

The evidence at trial, taken in the light most favorable to the jury's verdict, was that on May 31, 1995, around 11:30 in the morning, Officer Stewart responded to a 911 call concerning a domestic dispute. Stewart entered the house and saw Linda Norman, Walton's wife, sitting on a sofa holding her head. Norman was crying and had a cut on one side of her face and a knot above her eye. Stewart testified that when he asked her what was going on, Norman said, "Terry's hitting me." Stewart said Norman continued to cry and appeared to be scared and upset. She told Stewart that Walton wanted her to leave but she could not because of their 14-year-old child who was in a wheelchair and in need of constant care. She also said Walton had hit her in the face with his fist.

Officer Stewart then questioned Walton who was in a back bedroom when the officers arrived. Walton claimed Norman came at him with a knife and, when he pushed her away, she fell and hit her head on a chair.

At trial, Linda Norman testified that she and Walton were arguing about "financial matters" and she called the police. She said she

waited outside until the police got there. Norman stated that she got the bump on her head when she fell and hit her head on a chair. She testified that Walton did not hit her.

1. Walton contends the evidence was insufficient to support the verdict. We disagree. On appeal, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Blackshear v. State*, 199 Ga. App. 839 (406 SE2d 269) (1991). The evidence was sufficient to convince a rational trier of fact that Walton was guilty of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Next, Walton argues the trial court erred in denying his race and gender based discrimination challenges to the State's striking of two men from the jury panel. In *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), the United States Supreme Court prohibited the use of peremptory strikes in a racially discriminatory manner. "In *J. E. B. v. Alabama*, ___ U. S. ___ (114 SC 1419, 128 LE2d 89) (1994), the United States Supreme Court extended its holding in *Batson v. Kentucky* to instances where peremptory strikes are exercised solely on the basis of gender." *Tedder v. State*, 265 Ga. 900, 901 (463 SE2d 697) (1995). Once the defendant has made a prima facie showing of discrimination in the State's use of its peremptory jury strikes, the burden shifts to the State to articulate a gender or race neutral reason for striking the juror. *Kelly v. State*, 209 Ga. App. 789, 790 (434 SE2d 743) (1993).

In this case, the jury panel was composed of three white men, five white women, one African-American man, and two African-American women. The State struck the African-American man and one of the white men.

Here, since the trial court ruled on the ultimate question of intentional discrimination, the preliminary issue of whether Walton made a prima facie case of discrimination is moot. *Lewis v. State*, 262 Ga. 679, 680 (424 SE2d 626) (1993). Therefore, we need only address the sufficiency of the prosecutor's explanations for exercising the peremptory strikes. *Chunn v. State*, 210 Ga. App. 209, 210 (435 SE2d 728) (1993).

The prosecutor gave several race and gender neutral reasons for striking the African-American male juror. The juror was the foreperson on a jury in a case the prosecutor tried earlier in the week. There was an acquittal in the case and the prosecutor stated that the juror was never receptive, never made eye contact with her, fell asleep during her closing argument, and she felt unable to make any connection with him. As to the white male juror, the prosecutor stated she also struck him from a jury in a previous case because of the flippant response he gave when she asked if he had a problem with a man hitting a woman.

"In reviewing the trial court's disposition of a *Batson* motion, we must bear in mind that the prosecutor's explanation need not justify a challenge for cause, but must be neutral, related to the case to be tried, and reasonably specific. The trial court's decision rests largely upon assessment of the prosecutor's state of mind and credibility; it therefore lies peculiarly within a trial judge's province. The trial court's factual findings must be given great deference and may be disregarded only if clearly erroneous." (Citations and punctuation omitted.) *Hightower v. State*, 220 Ga. App. 165, 166 (469 SE2d 295) (1996).

Here, the State gave several sufficient race and gender neutral reasons for striking the jurors. A reasonable suspicion that a juror may be biased in a particular case may well justify the exercise of a peremptory strike. *Chunn*, supra at 210. Further, lack of attentiveness and a concern that a juror might not appreciate the seriousness of the trial process have also been found to be sufficient race and gender neutral explanations. *Jackson v. State*, 220 Ga. App. 98, 99 (469 SE2d 264) (1996). Accordingly, taking into account the great deference to be accorded the trial court's findings, the court did not err in denying Walton's challenges to the prosecution's peremptory strikes.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JANUARY 15, 1997.

*Deborah N. Bedsole, Debra G. McDonald*, for appellant.

*Kenneth W. Mauldin, Solicitor, Ethelyn N. Simpson, Assistant Solicitor*, for appellee.