A99A2297. ODOM v. THE STATE.

(526 SE2d 646)

BLACKBURN, Presiding Judge.

Bobby Odom appeals his conviction, following a jury trial, for incest, child molestation, and the statutory rape of his minor daughter, contending that the trial court erred by (1) admitting character evidence against him regarding altercations that he had been in with his wife and (2) allowing the State to strike a juror based on his status as a single parent. For the reasons set forth below, we affirm.

1. Odom contends that the trial court erred by allowing the State to elicit similar transaction evidence from him on cross-examination about an altercation that he had with his wife which was unrelated to the acts of molestation. At the time that these questions were asked, however, Odom made no objection, and, as such, he has waived his right to raise this argument on appeal. *Parrish v. State*, 237 Ga. App. 274, 279 (4) (514 SE2d 458) (1999). Moreover, even if it had been preserved for our review, Odom's argument is untenable. The same evidence about which he now complains was originally introduced into evidence during direct examination by his own attorney, and "where the same fact has been admitted in evidence before the jury, without objection, such admitted evidence renders harmless admission of the same evidence over objection." *Masters v. State*, 186 Ga. App. 795, 797 (3) (368 SE2d 557) (1988); *Cherry v. State*, 230 Ga. App. 443, 446 (4) (496 SE2d 764) (1998).

2. Citing *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d

69) (1986), Odom contends that the trial court improperly allowed the State to strike a juror based on his status as a single father, arguing that the State's true reason for making the strike was simply because the juror was male, thereby constituting gender discrimination.

> In *J. E. B. v. Alabama*, 511 U. S. [127] (114 SC 1419, 1429-1430, 128 LE2d 89) (1994), the United States Supreme Court advanced its holding in *Batson*[, supra], to prevent litigants from exercising peremptory jury strikes based upon gender. The Equal Protection Clause of the United States Constitution prohibits discrimination in jury selection on the basis of gender as well as race. See *Tedder v. State*, 265 Ga. 900, 901 (2) (463 SE2d 697) (1995); *Jackson v. State*, 220 Ga. App. 98 (469 SE2d 264) (1996).
>
> Claims that jury strikes were based on gender are reviewed under the same standards as apply to race. See *Jackson*, supra. "*Batson* directs a three-step process for evaluating a claim of (gender) discrimination in the State's use of peremptory jury strikes: (1) the defendant must make a prima facie showing that the prosecution has exercised its peremptory challenges on the basis of (gender); (2) the burden then shifts to the prosecutor to articulate a (gender)-neutral explanation for striking the jurors in question; and (3) the trial court must determine whether the defendant has carried his burden of proving purposeful discrimination." *Kelly v. State*, 209 Ga. App. 789, 790 (1) (434 SE2d 743) (1993). The explanation need not justify a challenge for cause, but it must be neutral, related to the case to be tried, and constitute a clear and reasonably specific legitimate reason or reasons. *Gamble v. State*, 257 Ga. 325, 327 (5) (357 SE2d 792) (1987).

*Herrin v. State*, 221 Ga. App. 356, 357-358 (471 SE2d 297) (1996). "[T]he ultimate burden of persuasion about the [gender-based] motivation rests with and never leaves the opponent of the strike." *Holt v. Scott*, 226 Ga. App. 812, 816 (3) (487 SE2d 657) (1997).

Here, the State used four peremptory strikes, all against male potential jurors. At trial, Odom challenged all four strikes as being discriminatory on the basis of gender, but he argues only with respect to a single prospective juror on appeal. When asked to give his reason for striking this juror, the prosecutor replied: "Number seven . . . , he's a single father. I think bias in this particular matter [is] such that it was reasonable for the [S]tate to strike him." The trial court accepted this explanation, and Odom provided no further

evidence that the strike was inappropriate. Under these circumstances, Odom failed to carry his burden.

A trial court's determination of a *Batson* challenge "rests largely upon assessment of the attorney's state of mind and credibility; it therefore lies peculiarly within a trial judge's province. The trial court's factual findings must be given great deference and may be disregarded only if clearly erroneous."

*Holt*, supra.

The initial inquiry in this type of case is "whether [Odom] established a prima facie case of discrimination to trigger the prosecutor's duty to give [gender-]neutral reasons for the exercise of his challenged peremptory strikes." *Lewis v. State*, 262 Ga. 679, 680 (2) (424 SE2d 626) (1993). In this case, because the trial court ruled on the ultimate question of intentional discrimination, the preliminary issue of whether [Odom] made a prima facie case of discrimination is rendered moot. Id. Accordingly, we focus on the ultimate question of intentional discrimination.

*Richard v. State*, 223 Ga. App. 98 (476 SE2d 849) (1996).

The State explained that it struck juror no. 7 because of his status as a single father, not simply because he was a male as Odom contends. Apparently, the State feared that this would cause the juror to be biased in favor of Odom. This explanation does not violate the standards set forth in *Batson*. *Batson* does not demand that the explanation given by a prosecutor be persuasive or even plausible. The explanation must simply be one which does not deny equal protection. *Purkett v. Elem*, 514 U. S. 765 (115 SC 1769, 131 LE2d 834) (1995).

Here, the trial court determined that the State's explanation for the strike was reasonable and was not solely based on the gender of the juror but on another factor as well — namely his status as a single parent. As we have previously held that the characteristics of being single with no children are gender-neutral, *Herrin*, supra, we cannot say that the trial court abused its discretion in allowing the peremptory strike of juror no. 7.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED DECEMBER 8, 1999.

*Coatsey Ellison*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.