### A00A1313. SHEETS v. THE STATE.
(535 SE2d 312)

McMURRAY, Senior Appellate Judge.

David Ray Sheets was indicted for three counts of first degree vehicular homicide, two counts of driving under the influence of alcohol, reckless driving, and driving while his license was suspended. The charges arose when Sheets, who was driving along Steadman Road in Haralson County, smashed into a tree with such great force that his vehicle was sheared in two. Sheets' sole passenger, his half-brother, Brian Patrick Goodwin, was thrown from the car and struck the pavement head-first. Goodwin suffered massive head injuries and was pronounced dead at the scene. The absence of skid marks demonstrated that Sheets never applied the brakes. A blood test performed on Sheets revealed that his blood alcohol level was 0.15 grams percent. Sheets was convicted on all counts.[1] He contends the trial court erred in setting aside four of his peremptory jury strikes and in admitting expert testimony that his injuries were consistent with him being the driver of the vehicle. *Held*:

1. The trial court did not err in determining that the State sustained its burden of proving that Sheets exercised his peremptory challenges in a gender-biased manner.

The Equal Protection Clause of the United States Constitution prohibits discrimination in jury selection on the basis of gender as well as race.[2] The three-part test utilized to review claims of race discrimination under *Batson v. Kentucky*[3] is also applied to analyze gender discrimination claims.[4] Initially, the opponent of a peremptory challenge must make out a prima facie case of discrimination.[5] The proponent of the strike is then required to set forth a gender-neutral, case-related, clear and reasonably specific explanation for the exer-

---

[1] The trial court ruled that the first six offenses merged for purposes of sentencing and imposed a sentence of fifteen years imprisonment for vehicular homicide plus twelve months on the license offense. Sheets was sentenced as a recidivist based on his prior convictions, including six for habitual violator, five for driving under the influence of alcohol, two for burglary, and one for selling marijuana.

[2] *J. E. B. v. Alabama*, 511 U. S. 127 (114 SC 1419, 1429-1430, 128 LE2d 89); *Tedder v. State*, 265 Ga. 900, 901 (2) (463 SE2d 697).

[3] 476 U. S. 79 (106 SC 1712, 90 LE2d 69).

[4] *McGlohon v. State*, 228 Ga. App. 726, 727 (492 SE2d 715).

[5] *Purkett v. Elem*, 514 U. S. 765 (115 SC 1769, 131 LE2d 834).

cise of his strikes.[6] "At this point, the proponent of the strike need not proffer an explanation that is persuasive or even plausible — all that is required is an explanation that is facially [gender]-neutral."[7]

The third step of the process requires the trial court to determine whether, considering the totality of the circumstances, the opponent of the strikes has shown that the proponent was motivated by discriminatory intent in the exercise of his strikes.[8] The opponent of the strikes may carry his burden of persuasion by showing that similarly situated opposite sex jurors were not struck or that the proponent's gender-neutral reason for a strike "is so implausible or fantastic that it renders the explanation pretextual."[9] The trial court's findings on whether the opponent of the strike has met his burden of persuasion are entitled to great deference and will be affirmed on appeal unless clearly erroneous.[10]

In the case sub judice, Sheets used eight of his ten peremptory strikes against female prospective jurors. As a result, the trial court found that the State had made a prima facie showing of gender discrimination and required defense counsel to explain his strikes.

Counsel stated that he struck the first female prospective juror, B. H. O., because Sheets had shopped at the store where B. H. O. worked. Counsel thus claimed that B. H. O. must have been acquainted with Sheets. However, the trial court found that B. H. O. had not stated that she knew Sheets. As voir dire was not transcribed, we must assume the trial court's finding was correct.[11]

Counsel further explained that he struck B. H. O., as well as prospective juror nos. 7 and 14, because they were nondrinkers. However, the prosecutor pointed out that defense counsel had not challenged a male nondrinker.[12] The trial court deemed counsel's reasons for striking those three jurors pretextual. Counsel then stated that he struck juror nos. 7 and 14 because he knew nothing about them and "couldn't find anybody else who knew anything" about them.

When asked to give a gender-neutral reason for striking juror no. 8, counsel initially could not recall her. Subsequently, counsel explained that he struck her because she was a retired schoolteacher and he "just didn't feel like she would make a good juror."

Defense counsel's proffered reasons for striking B. H. O. and

---

[6] *Barnes v. State*, 269 Ga. 345, 349 (6) (496 SE2d 674).

[7] Id.

[8] Id.

[9] (Punctuation omitted.) Id.

[10] Id.

[11] *Russell v. Parkford Mgmt. Co.*, 235 Ga. App. 81, 83 (2) (508 SE2d 454).

[12] In his brief, appellate defense counsel indicates that the male nondrinker was not struck because he was a former client of trial defense counsel. Thus, "counsel felt that [he] was a good juror candidate for the defendant."

juror nos. 7, 8, and 14 were, at best, weak. However, in light of *Purkett*'s admonition that " 'a legitimate reason' is not a reason that makes sense, but [one] that does not deny equal protection," we are constrained to conclude that they were gender-neutral.[13] Thus, Sheets satisfied the second prong of the *Batson* analysis. However, considering the totality of the circumstances — the number of Sheets' strikes against women, the fact that Sheets proffered a "laundry list" of reasons for almost every strike, and the fact that Sheets did not strike at least one male nondrinker — the trial court was authorized to conclude that the reasons were pretextual.[14]

2. Sheets next argues that the trial court erred in permitting Haralson County Deputy Coroner Bill Hightower to testify that Sheets' injuries were consistent with a finding that he was the driver of the vehicle at issue. Sheets contends that Hightower, who was not qualified as a motor vehicle reconstruction expert, impermissibly testified to the manner in which the collision occurred. We cannot agree.

Hightower testified that Goodwin's injuries were consistent with having been ejected through the windshield from the passenger's seat. Conversely, Hightower determined that Sheets' injuries — broken teeth and mouth lacerations — were caused by contact with the steering wheel.

The record reveals that the trial court carefully limited Hightower's testimony to the manner and cause of Sheets' and Goodwin's respective injuries. As the evidence demonstrated that Hightower was a licensed paramedic as well as the county's deputy coroner, the cause of the injuries sustained by the occupants of the vehicle was a matter well within Hightower's field of expertise.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED MAY 31, 2000

*Murphy, Murphy & Garner, Meng H. Lim*, for appellant.
*James R. Osborne, District Attorney, Elizabeth L. Larson, Assistant District Attorney*, for appellee.

---

[13] *Purkett*, supra at 768.
[14] *McGlohon*, supra at 726-727.