S05A1763. TAVERA v. THE STATE.
(621 SE2d 422)

CARLEY, Justice.

After a jury trial, Jesus Godoy Tavera was found guilty of malice murder, aggravated assault, and two counts of possession of a firearm during the commission of a crime. The trial court entered judgments of conviction and sentenced Tavera to life imprisonment for the murder, a consecutive twenty-year term for the aggravated assault, and consecutive five-year terms for the weapons offenses. A motion for new trial was denied, and he appeals.[1]

---

[1] The crimes occurred on August 5, 2001, and the grand jury returned its indictment on March 5, 2003. The jury found Tavera guilty on March 20, 2003 and, on the same day, the trial court entered the judgments of conviction and sentences. A motion for new trial was filed on April 17, 2003 and denied on May 26, 2005. Tavera filed a notice of appeal on June 2, 2005. The

1. Construed in support of the verdicts, the evidence shows that, during a large birthday celebration at a rental hall, a group of people causing a disturbance refused to leave, and a fight began. According to several eyewitnesses, Tavera then pulled out a gun and fatally shot Jose Mora-Orduna in the chest. Tavera also shot Jose's brother in the hand. This evidence was sufficient to authorize the jury to find Tavera guilty of the murder, aggravated assault, and weapons offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Villegas v. State*, 273 Ga. 824, 825 (1) (546 SE2d 504) (2001).

2. A semiautomatic pistol, which proved to be the murder weapon, was found behind the rental hall the day after the crimes were committed. A firearms examiner from the state crime lab, Christopher Robinson, was properly qualified as an expert and testified that wipings of Tavera's hands did not show any gunshot residue. However, Robinson gave his expert opinion that the gunshot residue test used would not always reveal whether a person had fired a weapon. He also stated that a positive result is more likely from a revolver than from a semiautomatic, due to the different locations on the weapons from which powder is emitted, and that "[w]e hardly ever see a positive result from a semiautomatic pistol." Robinson further testified that he could not say that Tavera did not fire the murder weapon. The prosecutor then asked Robinson for his expert opinion regarding the likelihood that a person who fired the murder weapon would test positive for gunshot residue. Defense counsel objected on the basis that the question called for speculation, since the witness did not know the number of tests which he had performed on that type of weapon, and the percentage of tests which would yield accurate positive results would depend on that number. The objection was overruled, and Robinson testified that he would not expect to find gunshot residue from the murder weapon. Tavera contends that admission of this expert opinion without knowing the data on which it is based denied him the rights to confront the witness and to engage in a thorough and sifting cross-examination. See *Eason v. State*, 260 Ga. 445 (396 SE2d 492) (1990), overruled in part, *State v. Lucious*, 271 Ga. 361, 365 (4) (b) (518 SE2d 677) (1999).

By the time Tavera objected to the expert testimony, Robinson had already expressed virtually the same opinion, or at least given testimony which necessarily implied that he would not expect to find gunpowder residue from the murder weapon. Where the same fact has been admitted in evidence by means of the witness' earlier

case was docketed in this Court on July 12, 2005 and submitted for decision on September 5, 2005.

testimony " 'before the jury, without objection, such admitted evidence renders harmless admission of the same evidence over objection.' " *Odom v. State*, 241 Ga. App. 361 (1) (526 SE2d 646) (1999). Moreover, Robinson had already clearly stated the basis for his opinion prior to the objection. Any lack of detail regarding his training and experience with gunshot residue testing went to the weight and not the admissibility of his opinion, and was a matter which Tavera could explore on cross-examination. That opinion was not speculative, was grounded on his education and experience, and "was admissible under OCGA § 24-9-67, which states that '(t)he opinions of experts on any question of science . . . or like questions shall always be admissible. . . .' " *Beam v. State*, 265 Ga. 853, 854 (2) (463 SE2d 347) (1995). Furthermore, contrary to the ground of Tavera's objection, Robinson never attempted to specify any percentages of positive or negative results, and the trial court did not restrict Tavera's cross-examination in any manner. See *Jones v. State*, 273 Ga. 231, 236 (12) (539 SE2d 154) (2000).

*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 24, 2005.

*Patricia F. Angeli*, for appellant.

*Jewell C. Scott, District Attorney, Bonnie K. Smith, Assistant District Attorney, Thurbert E. Baker, Attorney General, Vonnetta L. Benjamin, Assistant Attorney General*, for appellee.